CHARLES W. WHITE, Appellant, v. JAMES S. WHALEY, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, NOVEMBER, 1870.)

Where an attorney at law applied to the owner of a judgment, which had been recovered for him by a third party, and, by the suppression of facts in his possession, as to its value and collectibility, obtained a power of attorney to collect it and an agreement by which he was to have one-half, less ten per cent, of the face if collected, and thereupon issued execution, which was levied on property sufficient in value to satisfy the judgment, and the owner of the judgment ascertaining the facts suppressed, settled and arranged the judgment, with the debtor, and discharged the execution without consent of the attorney, who sued to recover under the agreement.—*Held*, that the parties were within the reason of the rule requiring good faith between attorney and client, &c., and that the defendant was at liberty to repudiate the contract on discovery of the undisclosed facts.

It seems that in transactions between attorney and client, the onus lies upon the former to show the utmost good faith.

THIS was a motion by the plaintiff for a new trial upon a case and exceptions ordered to be heard in the first instance at the General Term.

The action was upon a contract executed by the defendant to the plaintiff as follows, viz.:

## "SUPREME COURT.

| "JAMES S. WHALEY<br>*against*<br>ALBERT BABCOCK, RICHARD SKINNER AND SAMUEL P. MARSH. | *Judgment docketed November* 12,  1858, *for* $1,140.14 *in favor of plaintiff.* |
| --- | --- |

"I, James S. Whaley, the plaintiff in the above entitled action, do hereby constitute and appoint C. W. White my attorney for the collection of the above described judgment, upon the terms and conditions following:

"The said White is to pay over to me the whole amount he may collect or realize upon said judgment until I shall have received ten per cent upon the face of said judgment; and any amount said White may collect over and above the said ten per cent, the said White agrees to pay over the one-half thereof; and if said White takes any proceeding supplementary to execution, or otherwise, for the collection of said judgment, said White is to make no charge for his costs and disbursements in any such proceedings."

It appeared that the judgment referred to in the contract, had been, sometime previous to the execution of the latter, recovered for the defendant, against the defendants therein named, by Messrs. Dennison and Lynch as attorneys, and the same being uncollected, that the plaintiff applied to the defendant to purchase it, but that his offers were declined, and that upon a subsequent application, for authority to collect the judgment, the contract in question was executed.

It also appeared in evidence that Whaley was desirous of collecting the judgment in question of the judgment debtors, Babcock and Marsh, and supposed Skinner to be irresponsible or poor; that Skinner was in fact able to pay the judgment, and that while plaintiff knew this when he made the contract, he did not disclose it to the defendant; that immediately after obtaining the contract, the plaintiff issued execu-.

tion on the judgment, and had a levy made upon property of Skinner equal to $2,000 in value; that after the levy, the defendant learned the facts relating to Skinner's responsibility and arranged and settled the judgment with him.

*C. W. White*, for the appellant.

*Johnson and Prescott*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.  By the very terms of the contract which this action is brought to enforce, the plaintiff became the attorney of the defendant for the collection of the judgment.  The relation of trust and confidence as to that judgment was then created.  It is clear, from all the evidence, that the plaintiff was at that time in the possession of information on the subject of the value, and collectibility of that judgment, which he did not disclose to the defendant, but concealed from him for the purpose of obtaining a more favorable bargain to himself, and obtaining a larger share of the debt, for his trouble of collecting than he would be able to get otherwise.  This he does not deny in his testimony.  If he denies it at all, it is only by a peradventure and guess.  On the other side the evidence is full and positive, not only as to the plaintiff's knowledge, but to his silence and misleading pretences.  It was, therefore, a mere question of law, whether the plaintiff could enforce a contract of that kind made under such circumstances.  In order to entitle the plaintiff to recover on such a contract, the onus lay upon him of proving that he took no advantage, but gave to his client all the information he possessed or could obtain on the subject, and advised him as he would have done in relation to a third person offering to become a purchaser.  This general rule applies alike to trustees, agents, attorneys, solicitors and guardians.  In short, it applies to all persons who undertake to act for others in a fiduciary capacity. (See White &

Tudor's Lead. Eq. Cases, 126 to 146, where most of the cases on this subject are collected.)

The plaintiff insists that the case does not fall within this rule, inasmuch as he was not the attorney of the defendant in the action in which the judgment was obtained, and only became such when the contract was executed and delivered; and that in the negotiations before that, they were dealing at arms-length the same as any other parties. But this distinction is quite too fine to affect the application of the rule. The plaintiff was an attorney, and the very object of the negotiation was to bring about and create the confidential relation of attorney and client, and fix the terms and measure of the compensation of the attorney. The relation and the contract came into existence at the same instant. The duty and the obligation were simultaneous, and the latter is affected by the omission of the former. The reason of the rule applies as well to such a case, as to one where the relation precedes the contract. The defendant was at liberty to abandon the contract and refuse to be bound by it whenever he discovered the suppression of which his attorney had been guilty.

A new trial must, therefore, be denied, and judgment ordered for defendants on the verdict.

New trial denied.